IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

JESSIE D. BOYETT                                                                        PETITIONER

v.                                                                                              No. 2:06CV82-B-A

DOLAN WALLER, ET AL.                                                              RESPONDENTS

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* petition of Jessie D. Boyett (# L2378) for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state has moved to dismiss the petition as untimely filed under 28 U.S.C. § 2244. The petitioner has responded. The matter is ripe for resolution. For the reasons set forth below, the instant petition for a writ of *habeas corpus* shall be dismissed as untimely filed.

**Facts and Procedural Posture**

On August 9, 2002, a judgment was entered against Jessie D. Boyett pursuant to his pleas of guilty in the Circuit Court of Desoto County, Mississippi, to one count of rape and one count of aggravated assault on a police officer. The petitioner was sentenced to serve in the Mississippi Department of Corrections a term of twenty years for the rape – and a consecutive term of thirty years for aggravated assault on a police officer. By statute, there is no direct appeal from a guilty plea. MISS. CODE ANN. § 99-35-101. The petitioner filed an application for post-conviction relief in the Circuit Court of Desoto County on April 28, 2004. On September 20, 2004, the circuit court dismissed the application. On December 6, 2005, the Mississippi Court of Appeals affirmed the decision of the circuit court to dismiss the petitioner's state post-conviction claims. *Boyett v. State*, 924 So. 2d 577 (Miss. App. 2005)(Cause No. 2004-CP-02026-COA), *reh'g. denied*, March 21, 2006. Boyett filed the instant federal petition for a writ of *habeas corpus*

May 5, 2006.

## Discussion

This case is governed by 28 U.S.C. § 2244(d), which provides:

(d)(1) *A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –*

> (A) *the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;*
>
> (B) *the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;*
>
> C) *the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or*
>
> (D) *the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.*

(2) *The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.*

28 U.S.C. § 2244(d)(1) and (2) (emphasis added).

As discussed above, state law prohibits a defendant who has pled guilty from prosecuting a direct appeal of his *conviction* in state court. The Mississippi Supreme Court has, however, created an exception, permitting a defendant so situated to appeal the legality of his *sentence* within thirty days after the imposition of that sentence. *Acker v. State*, 797 So.2d 966 (Miss. 2001). Therefore, the petitioner's convictions and sentences became final on September 8, 2002,

thirty days after he was sentenced on his guilty plea. 28 U.S.C. § 2244(d)(1)(A). Thus, the petitioner's deadline for filing his federal petition for a writ of *habeas corpus* became September 8, 2003. Although the petitioner initiated state post-conviction proceedings, he did not do so prior to the federal one-year *habeas corpus* limitations period. As such, he may not take advantage of statutory tolling under 28 U.S.C. § 2244(d)(2). In addition, the petitioner has not alleged any rare or exceptional circumstances to warrant equitable tolling. *Ott v. Johnson,* 192 F.3d 510, 513-14 (5th Cir. 1999). Therefore, the petitioner's deadline for filing a federal petition for a writ of *habeas corpus* expired September 8, 2003.

Under the "mailbox rule," Boyett's *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date that he delivered the petition to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). In this case, the petition was "filed" sometime between the date it was signed on April 28, 2006, and the date it was received and stamped as "filed" in the district court on May 1, 2006. Giving the petition the benefit of the doubt by using the earlier date, his federal petition was filed 963 days after the September 8, 2003, deadline. For these reasons, the instant petition for a writ of *habeas corpus* shall be dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d). A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 2nd day of November, 2006.

/s/ Neal Biggers

NEAL B. BIGGERS
SENIOR U. S. DISTRICT JUDGE